**Rogers Lee JACKSON, Plaintiff–Appellant,**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant–Appellee.**

No. 98–41193
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 21, 2000.

John G. Heike, East Texas Legal Services, Tyler, TX, for Plaintiff–Appellant.

Joanna Davis Tate, Asst. Regional Counsel, Office of the General Counsel, Social Security Administration, Dallas, TX, for Defendant–Appellee.

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JOLLY, JONES and BENAVIDES, Circuit Judges.

PER CURIAM:

In *Jackson v. Apfel,* —— U.S. ——, 120 S.Ct. 2657, 147 L.Ed.2d 271 (2000), the Supreme Court granted Rogers Lee Jackson's petition for a writ of certiorari, vacated the judgment, and remanded the case to this court for further consideration in light of its decision in *Sims v. Apfel,* 530 U.S. 103, 120 S.Ct. 2080, 147 L.Ed.2d 80 (2000), which rejected the view that a social security claimant must exhaust issues in a request for review by the Appeals Council in order to preserve judicial review of those issues. Jackson appeals from a judgment affirming the decision of the Commissioner of Social Security denying his claim for disability insurance benefits, 42 U.S.C. § 405(g). He contends that the Commissioner failed to apply the correct legal standards and that his decision was not supported by substantial evidence. We have reviewed the record and the briefs of the parties, and we conclude that the district court was without jurisdiction to entertain Jackson's claim of hearing loss because he did not raise the issue before

the Administrative Law Judge (ALJ), thus failing to exhaust his administrative remedies. *See Dominick v. Bowen*, 861 F.2d 1330, 1332 (5th Cir.1988).

 In this appeal, Jackson does not argue whether substantial evidence supports the Commissioner's decision vis-a-vis his claims of right-eye blindness and a foot injury. Accordingly, Jackson abandons these issues. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir.1993).

Finally, Jackson challenges the adequacy of the ALJ's notice to Jackson of his rights to representation and to review the evidence to be utilized in deciding his disability claim are refuted by the record. Nor does the hearing transcript support his challenge to the adequacy of the *de novo* administrative hearing before the ALJ. *See Carrier v. Sullivan*, 944 F.2d 243, 245 (5th Cir.1991) (hearing held adequate where ALJ reminded claimant that he could be represented by counsel and questioned claimant extensively about his condition, treatment which he had received, medication he was taking, as well as his daily routines, and how his illness had affected them).

AFFIRMED.

APPENDIX

Rogers Lee JACKSON,
Plaintiff–Appellant,

v.

Kenneth S. APFEL, Commissioner
of Social Security, Defendant–
Appellee.

No. 98–41193

Summary Calendar.

United States Court of Appeals,

Fifth Circuit.

Sept. 16, 1999.

Appeal from the United States District
Court for the Eastern District of
Texas.

Before JOLLY, JONES and BENA-VIDES, Circuit Judges.

PER CURIAM:

Rogers Lee Jackson appeals from a judgment affirming the decision of the Commissioner of Social Security denying his claim for disability insurance benefits, 42 U.S.C. § 405(g). He contends that the Commissioner failed to apply the correct legal standards and that his decision was not supported by substantial evidence. We have reviewed the record and the briefs of the parties, and we conclude that the district court was without jurisdiction to entertain Jackson's claims of hearing loss and procedural error before the Administrative Law Judge because of Jackson's failure to raise these issue before the Appeals Council. *See Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir.1994). We affirm the district court's decision on this alternate basis.

In this appeal, Jackson does not argue whether substantial evidence supports the Commissioner's decision vis-a-vis his claim of right-eye blindness. Instead, he argues only that substantial evidence does not support a decision denying benefits based on his asserted hearing loss. Accordingly, Jackson abandons the only issue properly before this court on appeal—whether the Commissioner's decision denying him Social Security Income benefits based on his blindness claim is supported by substantial evidence. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir.1993).

AFFIRMED.